IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-361-FL

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | ORDER |
| STEPHON MONTRELL HOOKER, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss the indictment pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure. (DE #22.) The government filed a response in opposition, and United States Magistrate Judge Robert B. Jones, Jr. held a hearing on February 23, 2009 to develop the record. Through memorandum and recommendation ("M&R") entered February 26, 2009, the magistrate judge recommends that defendant's motion be denied. (DE #29.) Defendant timely objected to the M&R. In this posture, the issues raised are ripe for ruling.

BACKGROUND

Defendant is charged in a one-count indictment with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). The predicates for this offense are defendant's prior convictions for embezzlement in violation of N.C. Gen. Stat. § 14-90 and for obtaining property by false pretenses in violation of N.C. Gen. Stat. § 14-100. The criminal judgment resulting from these convictions specifies that each offense is a Class H felony under North Carolina law, and that defendant has a prior record level of I for felony sentencing purposes. Defendant moves to dismiss

the indictment in this case on the ground that the predicate state convictions were not offenses punishable by a term of imprisonment exceeding one year, as required by 18 U.S.C. § 922(g)(1).

DISCUSSION

In addressing an objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Defendant objects to the magistrate judge's finding that his prior convictions were punishable by imprisonment for a term exceeding one year. Section 922(g)(1), with which defendant is charged, criminalizes the possession of a firearm by "any person [ ] who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). What constitutes a "crime punishable by imprisonment for a term exceeding one year" is determined "in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20). In this case, North Carolina law applies. Under North Carolina's sentencing scheme, a defendant's minimum and maximum sentences are determined based on the class of the offense, the defendant's prior criminal record, and whether an aggravated, mitigated, or presumptive sentence applies.

In the present case, defendant's predicate state convictions were Class H felonies. The minimum sentence for each conviction based on the class of offense ranges from four to twenty-five months, with a corresponding maximum sentence ranging from five to thirty months per conviction. See N.C. Gen. Stat. § 15A-1340.17(c), (d). Based on the individual factors applicable to defendant

2

(i.e., a prior record level of I and a finding that mitigating factors outweighed aggravating ones), defendant's maximum sentence was only five months. Id. at § 15A-1340.17(c). Had the state court determined that aggravating factors outweighed mitigating factors, defendant's maximum sentence would have been ten months. Id. at § 15A-1340.17(c), (d). Because North Carolina law precluded defendant, with a criminal history category of I, from being sentenced to a term of imprisonment exceeding one year, defendant argues that his prior state convictions are not qualifying felonies under § 922(g)(1), and that the indictment should be dismissed.

Whatever merit defendant's argument may have, it is foreclosed by the Fourth Circuit's decision in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which this court is bound to apply. In Harp, the Fourth Circuit held that "to determine whether a [North Carolina] conviction is for a crime punishable by a prison term exceeding one year, . . . we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. at 246 (citing United States v. Jones, 195 F.3d 205, 206-08 (4th Cir. 1999)). In this case, the maximum aggravated sentence that could be imposed on a defendant with the worst criminal history category for each predicate conviction is thirty months. The Fourth Circuit's directive is clear, and accordingly, the court accepts the recommendation of the magistrate judge and must deny defendant's motion to dismiss the indictment.

Defendant argues that the holding in Harp is untrue to the statutory language of 18 U.S.C. § 922(g) and to the North Carolina General Statutes, and contrary to the Supreme Court's recent decision in United States v. Rodriguez, 128 S.Ct. 1783 (2008). Although the magistrate judge addressed the Rodriguez decision in the well-reasoned M&R, defendant objects that the magistrate judge misapplied its holdings. Defendant also objects that the magistrate judge incorrectly found

3

the Tenth Circuit's decision in United States v. Hill, 539 F.3d 1213 (10th Cir. 2008) to be more persuasive than United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008), in which the Sixth Circuit held, in direct contravention of Harp, that the district court must account for a defendant's prior record level under North Carolina law in determining whether that defendant's prior North Carolina felony convictions qualify as predicate offenses under the federal career offender sentencing guidelines. The court rejects both objections. Despite defendant's argument that Harp is no longer good law, Fourth Circuit cases decided subsequent to Rodriguez and Pruitt indicate that Harp remains the controlling precedent of this circuit. See United States v. Taste, 2008 WL 5232733, at *1 (4th Cir. Dec. 16, 2008); United States v. Taylor, 2008 WL 4997572, at *2 (4th Cir. Nov. 24, 2008); United States v. Moore, 2008 WL 5396487, at *2 (4th Cir. Dec. 29, 2008). This court must apply that precedent, and because each of defendant's predicate offenses was punishable by imprisonment for a term exceeding one year, defendant's motion to dismiss the indictment must be denied.

## CONCLUSION

For the reasons set forth herein, the court, upon *de novo* review, ADOPTS the M&R of the magistrate judge. Defendant's motion to dismiss the indictment (DE #22) is DENIED.

SO ORDERED, this the _19th_ day of April, 2009.

LOUISE W. FLANAGAN
Chief United States District Judge

4